Filed 8/28/23  P. v. Vecchetti CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANTHONY VECCHETTI,<br><br>      Defendant and Appellant. | A167672<br><br>(Humboldt County<br>Super. Ct. No. CR2201296B) |

Defendant Joseph Anthony Vecchetti appeals from a judgment after he pleaded guilty to three drug-related offenses.  Defendant's court-appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing.  Counsel advised defendant of his right to file a supplemental brief, and he did not do so.  We have independently reviewed the record in accordance with our *Wende* obligations and find no meritorious issues.  We thus affirm.

## BACKGROUND

On May 3, 2022, the Humboldt County District Attorney filed a felony complaint charging defendant with four counts of possessing controlled

substances for sale: fentanyl (Health & Saf. Code, § 11351)[1] (count 1); DMT (dimethyltryptamine) (§ 11378) (count 2); ketamine (§ 11379.2) (count 3); and methamphetamine (§ 11378) (count 4).[2]

On January 31, 2023, the parties informed the trial court that they had reached a plea agreement. Although defendant was presumptively not eligible for probation due to two prior felony convictions, the parties stipulated that unusual circumstances existed to support a grant of probation in this case. (Pen. Code, § 1203, subd. (e)(4); Cal. Rules of Court, rule 4.413.) Pursuant to the plea agreement, defendant pled guilty to count 1 and newly added misdemeanor counts of simple possession of methamphetamine and DMT (§ 11377, subd. (a)) (counts 5 and 6, respectively), in exchange for the dismissal of the remaining counts and a two-year term of probation subject to certain terms and conditions. Those terms and conditions included a term of 90 days in county jail and payment of various fines, fees, and assessments in amounts to be determined at sentencing.

On February 23, the probation report was filed and the court held the sentencing hearing. Consistent with the plea agreement, the court granted defendant probation for a term of two years[3], conditioned among other things a term of 90 days in jail. It also adopted the probation report's

---

[1] Further undesignated statutory references are to the Health and Safety Code.

[2] The complaint also charged a co-defendant with the same crimes, but she is not appealing here.

[3] On March 14, the court filed an order of probation, which indicates that defendant was granted a probation term of three, rather than two, years. On July 3, in response to a request by defendant's appointed appellate counsel pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, the trial court issued an amended order of probation, which correctly reflects that defendant was granted a probation term of two years.

recommendations to impose the following fines and fees: a $300 restitution fine (Pen. Code, § 1202.4); a $300 probation revocation fine that was stayed unless probation was revoked (*id.*, § 1202.44); three $40 court operations assessments (*id.*, § 1465.8); three $30 criminal conviction assessments (Gov. Code, § 70373); a $205 criminal laboratory analysis fee, inclusive of penalty assessments and surcharges (§ 11372.5); and a $685 drug program fee, inclusive of penalty assessments and surcharges (§ 11372.7). The court declined to impose a court fine under Penal Code section 672 based on defendant's inability to pay. Neither defendant nor his counsel objected to any of the imposed fines, fees, and assessments.

On April 12, defendant filed a notice of appeal.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant was sentenced after guilty pleas, but did not obtain a certificate of probable cause. Thus, any issues as to the validity of his pleas are not before us. (Cal. Rules of Court, rule 8.304(b)(2); Pen. Code, § 1237.5.) Even if they were, we would still find no arguable issues: defendant was represented by counsel; he was properly advised before the plea; he acknowledged and waived his rights; he personally entered the plea; and there was a factual basis for it.

Further, the award of probation was consistent with the plea agreement and the probationary terms and conditions were appropriate in light of the nature of defendant's offenses. As to the fines and fees imposed, we see no reasonably arguable issues.

With regard to the court operations assessment, criminal conviction assessment, and restitution fine, some courts have held that constitutional protections make their imposition subject to a determination of the

3

defendant's ability to pay. (See, e.g., *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168–1169 [due process prohibits the imposition of the fine and assessments when the trial court determines that the defendant lacks the ability to pay]; *People v. Cowan* (2020) 47 Cal.App.5th 32, 46, review granted June 17, 2020, S261952 [reaching same conclusion based on Eighth Amendment's protection against excessive fines].) Also, with respect to the drug program fee, section 11372.7 requires a consideration of an ability to pay before imposing the fee. (§ 11372.7, subd. (b).)

Here, the trial court did not make express findings as to defendant's ability to pay the restitution fine, the court operations and criminal conviction assessments, and the drug program fee. However, we presume from the court's silence that it was aware of the applicable law and thus considered defendant's ability to pay. (See *People v. Nelson* (2011) 51 Cal.4th 198, 227 [" '[A]s the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor' "], citing *People v. Gamache* (2010) 48 Cal.4th 347, 409; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517 [applying presumption to trial court's imposition of drug program fee].) This presumption is particularly applicable here, as the court did not impose one fine based on defendant's inability to pay.

Additionally, defendant's failure to object to the imposition of the restitution fine, assessments, and drug program fee at sentencing forfeits his right to challenge them on appeal. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 624, citing *People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Trujillo* (2015) 60 Cal.4th 850, 859.)

Moreover, and in any event, substantial evidence supports the implied finding that defendant had the ability to pay the fines, fees, and assessments.

4

Defendant had a lengthy history of employment; accumulated some savings that he was living off as of the time of sentencing; recently purchased a recreational vehicle; and was supporting a drug habit. Also, although defendant was unemployed and had some residual injuries from a prior accident, the probation officer observed that defendant, who is 36 years old, otherwise possessed "marketable job skills" and was therefore able to seek and maintain gainful employment.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____

Richman, J.

We concur:

_____

Stewart, P.J.

_____

Markman, J. *

*People v. Vecchetti* (A167672)

*Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.